The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 *********** EVIDENTIARY RULING
On March 21, 1996, the Commission GRANTED plaintiff's motion prohibiting the introduction of plaintiff's recorded statement into evidence at the hearing. The defendants filed a Motion for Reconsideration which was GRANTED by the Commission and allowed the introduction of plaintiff's recorded statement. Plaintiff filed another motion requesting that plaintiff's recorded statement be prohibited from introduction into evidence. Plaintiff's motion was held in ABEYANCE until the hearing before the Deputy Commissioner.
Before this hearing, plaintiff renewed his motion requesting that his recorded statement be prohibited from introduction into evidence. The Deputy Commissioner GRANTED plaintiff's motion prohibiting plaintiff's recorded statement from introduction into evidence because defendants had not made reasonable efforts to communicate the transcription problems to plaintiff nor to furnish plaintiff a copy of his statement within thirty days after plaintiff's request per I.C. Rule 608.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. The defendant is a duly qualified self-insured with Key Risk Management as the servicing agent.
4. The parties entered into a Pre-Trial Agreement dated October 23, 1996.
5. Plaintiff's average weekly wage will be calculated from Industrial Commission Form 22.
6. The parties stipulated to the pre-hearing depositions of plaintiff, taken April 23, 1996, and of Dr. Raymond Sweet, taken on May 14, 1996.
7. The parties stipulated to plaintiff's medical records from Mercy Hospital; from Carolinas Medical Center; from Southeast Pain Care and from Dr. Raymond Sweet dated June 3, 1991 through October 23, 1991 and May 8, 1995 through March 11 1996.
 **********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 46 years old and had a high school diploma. Plaintiff's work history included two years in the United States Army and approximately 10-15 years in the textile industry.
2. In 1991, plaintiff sustained a Workers' Compensation back injury while employed by Gaston Memorial Hospital. Dr. Raymond Sweet performed a diskectomy at L4-5 and L5-S1 on the left as a result of this Workers' Compensation back injury.
3. Plaintiff began working for defendant-employer in August of 1994 as a temporary employee. Plaintiff eventually became a permanent employee and in November of 1994 became a "Guider".
4. On May 5, 1995, plaintiff reported to work late for his regular 12:00 a.m. through 8:00 a.m. shift. At the beginning of plaintiff's shift, plaintiff limped and told his lead person, Beverly Garmon, that he had gotten hurt, but not in the warehouse. Plaintiff complained that his lower back hurt and he had a tingling in his leg. Plaintiff raised his shirt to show Beverly Garmon his puffy back.
5. Beverly Garmon asked plaintiff several times whether his injury was work-related. Plaintiff told Beverly Garmon that he did not hurt his back at work, and that he did not know how he had hurt his back. Beverly Garmon reported this information to the 3rd shift supervisor, Bill Wilson, and plaintiff was sent to Bill Wilson's office to discuss plaintiff's back condition. Plaintiff told Bill Wilson twice that he did not hurt his back at work. Plaintiff completed his shift.
6. At the hearing, plaintiff testified that between 1:00 a.m. and 2:00 a.m. he was doffing a roll of cloth weighing approximately 65-68 pounds and that as he lifted the roll of cloth midway up his thigh, he felt a burning sensation in his back.
7. On May 8, 1995, plaintiff presented to Dr. Raymond Sweet. Plaintiff told Dr. Sweet that he had been doing well until recently; that he worked on Friday, May 5, 1995 running rolls of cloth and that, although he had sustained no injury, he had developed low back pain and left leg pain and numbness. Dr. Sweet ordered an MRI which revealed post cervical changes at L4-5 and L5-S1.
8. Dr. Sweet performed surgery on plaintiff on May 12, 1995 to redo the lumbar laminectomy and discectomy at L5-S1 on the left that was done in 1991.
9. Plaintiff informed defendant-employer of plaintiff's scheduled surgery set for May 12, 1995. After surgery, however, plaintiff failed to stay in contact with defendant-employer and on May 31, 1995, defendant-employer terminated plaintiff for violating the three-day no-show/no-call company policy. Plaintiff was aware of the policy.
10. Plaintiff continued to complain of back pain, but by July 26, 1995 Dr. Sweet released plaintiff to light duty without repetitive bending or lifting more than 30 pounds.
11. On September 14, 1995, Dr. Sweet modified plaintiff's restrictions to light duty without repetitive bending, no sitting or standing in one position for more than 20 minutes and no lifting more than 20 pounds.
12. Plaintiff was referred to Dr. Mark Romanoff who first saw plaintiff on September 4, 1996. Dr. Romanoff opined that plaintiff's 1995 condition could have been the result of plaintiff's back deteriorating since the 1991 surgery. Dr. Romanoff further determined that plaintiff has failed back syndrome, a condition that arises if a patient has continued pain 6 months post-operative.
13. Dr. Sweet opined with a high degree of medical certainty that the type of injury sustained by plaintiff on May 5, 1995 could have caused plaintiff's ruptured disc, however, Dr. Sweet's opinion was based on a set of facts posed to him by plaintiff's attorney which were different than those presented to Dr. Sweet by the plaintiff.
14. The competent evidence in the record and the history given by plaintiff to Dr. Sweet do not support plaintiff's contention that he sustained an injury by accident or as a result of a specific traumatic incident of the work assigned to him on May 5, 1995. Plaintiff's symptoms are not causally related to any injury by accident on May 5, 1995.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff did not sustain an injury by accident arising out of and in the course and scope of his employment or as a result of a specific traumatic incident of the work assigned with defendant on May 5, 1995. Any injury plaintiff suffered occurred at some other time. Since plaintiff failed to carry his burden of proof in this case, he is not entitled to benefits under the Act. N.C. GEN. STAT. § 97-2(6).
 *********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs except that defendants shall pay expert witness fees in the amount of $530.00 to Dr. Raymond Sweet and $125.00 to Dr. Mark Romanoff.
This the ___ day of February 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ THOMAS J. BOLCH COMMISSIONER